UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MISTY KAY MYERS, | Civil No. 14-473 (JRT/LIB) |
| Plaintiff, | |
| v. | |
| AITKIN COUNTY, CITY OF BAXTER, CASS COUNTY, CITY OF CHASKA, CITY OF CROSBY, CROW WING COUNTY, MCLEOD COUNTY, MILLE LACS COUNTY, CITY OF NISSWA, CITY OF PEQUOT LAKES, CITY OF WAITE PARK, JOHN DOES (1-100), DEPARTMENT OF PUBLIC SAFETY DOES (1-30), ENTITY DOES (1-30), JANE DOES (1-100), CENTRAL MINNESOTA COMMUNITY CORRECTIONS, CHUCK EVERSON, JENNIFER TWOMBLY, SHANNON WUSSOW, SCOTT HEIDE, KARRI TURCOTTE, JESSICA TURNER, KELLI GOTVALD, GENE HILL, MELISSA SATERBAK, and JONATHAN COLLINS, | MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |
| Defendants. | |

Jonathan A. Strauss, Lorenz F. Fett, Jr., and Sonia L. Miller-Van Oort, **SAPIENTIA LAW GROUP PLLC**, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402, for plaintiff.

Jon K. Iverson, Susan M. Tindal, and Stephanie A. Angolkar, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants City of Waite Park, Jonathan Collins, and Gene Hill.

In February 2014, Plaintiff Misty Kay Myers filed an action primarily alleging multiple defendants – including Defendant City of Waite Park – violated the Driver's

Privacy Protection Act ("DPPA") by permitting illegal accesses of her driver's license information. (Compl. ¶¶ 24, 106-09, Feb. 20, 2014, Docket No. 1.) Subsequently, in October 2015, Myers amended her complaint to add Defendants Johnathan Collins, a Waite Park's Police Department employee, and Gene Hill, an Isanti County employee,[1] for impermissibly accessing Myers's information. (Am. Compl. ¶¶ 43, 46, 126-27, 152-53, Oct. 9, 2015, Docket No. 68.)

In July 2016, Myers entered into an agreement releasing her DPPA claims against several entities and agents – including Defendants City of Waite Park, Collins, and Hill (collectively "Defendants") – for $4,500. (Aff. of Stephanie A. Angolkar, Ex. 2 ("General Release") at 1-2, Aug. 29, 2016, Docket No. 165.) The General Release provides that Myers could petition the Court for "reasonable attorney's fees and costs" from the discharged parties. (*Id.* at 1.) Pursuant to that provision, Myers promptly petitioned for $32,835.50 in attorney's fees and $3,774.89 in costs for prosecuting her claims against Waite Park and Collins. (*See* Pl.'s Mem. in Supp. at 7-8, Aug. 15, 2016, Docket No. 145.) Defendants jointly opposed Myers' motion and argued Myers's recoverable amount should be reduced for a multitude of reasons.

---

[1] Myers alleged in her amended complaint that Hill was acting in his capacity as a Mille Lacs Sherriff's Office employee. (Am. Comp. ¶ 43.) Subsequently, Defendants explained Hill was acting in his capacity as Isanti County employee rather than a Mille Lacs County employee for purposes of this action. (Def. Hill's Answer to Am. Compl. ¶ 14, Apr. 4, 2016, Docket No. 105; Defs.' Mem. in Opp'n at 5, 11, Aug. 29, 2016, Docket No. 164.) At the summary judgment motions hearing on December 22, 2016, Myers's counsel explained that a settlement had been reached with Mr. Hill. Hill now objects to Myers's July 2016 General Release – which expressly released Isanti, but not Mille Lacs, agents. Thus, the parties seemingly agree that Hill is solely an Isanti employee for purposes of the underlying action.

On November 30, 2016, U.S. Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part Myers's motion. Specifically, the Magistrate Judge recommended awarding Myers $1,097.25 in costs and $15,912.44[2] in attorney's fees, for a total award of $17,009.69. (R&R at 43, Nov. 30, 2016, Docket No. 187.) Myers timely objected to two portions of the entire R&R – (1) the denial of $2,677.64 in expert costs, and (2) the denial of multiple attorneys' time billed by for intra-firm conferences. (Pl.'s Objs. to R&R at 5, Dec. 14, 2016, Docket No. 188.)

The Court will adopt in part and reject in part the Magistrate Judge's R&R. Due to the absence of language authorizing recovery for expert costs in 18 U.S.C. § 2724(b)(3), the Court will overrule Myers's expert costs objection and adopt the Magistrate Judge's R&R. However, because of the discretion afforded to the Court in determining the reasonableness of hours billed and the nature of the claims at issue, the Court will sustain Myers's objection for time billed for intra-firm conferences and will reject this portion of the Magistrate Judge's R&R. In all other respects, the Court will adopt the R&R.

---

[2] Myers asserts in her objections that the R&R noted certain entries should be included as reasonable attorney's fees, but that the R&R accidentally miscounted the "[a]pproved [w]ork solely related to Waite-Park related time entries." (Pl.'s Objs. to R&R at 11 & n.5; R&R at 20.) However, after carefully reviewing what Myers posits in a footnote as the total correct entries, the Court is unable to determine how Myers calculated a total amount of $17,352.00 (Pl.'s Objs. to R&R at 11 n.5; Aff. of Sonia Miller-Van Oort, Ex. A, Aug. 15, 2016, Docket No. 147), rather than the R&R's final calculation of $15,912.44 (R&R at 43).

## DISCUSSION

### I.  STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

For dispositive motions, the Court reviews *de novo* any portion of an R&R "that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Because a motion for attorney fees is a dispositive motion, the Court will review portions of the R&R that Myers objected to *de novo*.

### II.  EXPERT COSTS

The Magistrate Judge noted that there was no case within the Eighth Circuit addressing the recoverability of expert costs in a DPPA case, and he concluded that Myers's request for $2,677.64 in expert costs were not recoverable because the DPPA – unlike other statutes – does not explicitly authorize the recovery of expenses associated with compensating experts. (R&R at 38, 41-42.)  Myers objects, arguing that expert costs are recoverable under 18 U.S.C. §§ 2724(b)(3) and (b)(4).  Section 2724(b)(3) provides that in a DPPA case, the Court may award "reasonable attorneys' fees and other litigation costs reasonably incurred."  Myers asserts § 2724(b)(4), which provides that the Court

may award "equitable relief as the court determines to be appropriate," implicitly authorizes the Court to award expert costs as "other litigation costs reasonably incurred" under § 2724(b)(3).

The Court declines to construe § 2724(b)(3) as implicitly authorizing recovery of expert costs, where other fee-shifting statutes explicitly authorize the recovery of expert fees.  *See, e.g.*, 33 U.S.C. § 1365(d) ("The court . . . may award costs of litigation (including reasonable attorney and expert witness fees) . . . ."); 54 U.S.C.A. § 307105 ("[T]he court may award attorney's fees, expert witness fees, and other costs of participating in the civil action, as the court considers reasonable."); *Menghi v. Hart*, 745 F. Supp. 2d 89, 115 (E.D.N.Y. 2010) (declining to award expert costs under § 2724(b)(3) because "[p]laintiff ha[d] not provided any legal authority to address the principle that if Congress intended to allow recovery of expert witness fees, it should have explicitly provided for that recovery in the statute").  Furthermore, Myers's position regarding § 2724(b)(4) is unpersuasive as "equitable relief" does not generally involve actions for money damages, *see Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (stating equitable relief traditionally includes an injunction or mandamus), and Myers has not proffered any contrary authority.  Thus, the Court will overrule Myers's objection and adopt the R&R's conclusion that Myers cannot recover $2,677.64 in expert costs.

### III.  INTRA-FIRM CONFERENCES

The Magistrate Judge also determined that hours billed "for multiple attorneys within one firm who were involved in a single intra-firm conference is duplicative," and

thus disallowed $1,080.00 of Myers's recoverable attorney's fees. (R&R at 8-10; Pl.'s Objs. to R&R at 11.)

In the Eighth Circuit, the lodestar approach governs the initial estimate of reasonable fees. *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014). That estimate is "the product of a reasonable hourly rate and the number of hours reasonably expended on the matter." *Id.* A district court should exclude "excessive, redundant, or otherwise unnecessary" hours from its estimate. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Thus, on a case-by-case basis, a Court may decide whether hours billed for intra-firm conferences were reasonable. *Rasmusson v. City of Bloomington*, No. 12-632, 2013 WL 3353931, at *2 (D. Minn. July 3, 2013) ("The amount of an attorney fee award must be determined on the facts of each case and is within the district court's discretion.")

The Court finds that the cases relied upon in the R&R are distinguishable from the instant action. (*See* R&R at 8-9.) In *Burchell v. Green Cab Co.*, multiple senior attorneys billed hours spent on educating, training, and overseeing a junior attorney, who was the lead on the case. No. 5:15-5076, 2016 WL 894825, at *3 (W.D. Ark. Mar. 8, 2016). In contrast, there is no evidence of such conduct here. Similarly, in *In re Agriprocessors*, *Inc.*, the Court found it "apparent, however, that [two attorneys] spent a substantial and unusual amount of time talking to each other and reviewing each other's work." No. 8-2571, 2009 WL 4823808, at *3 (Bankr. N.D. Iowa Dec. 8, 2009). The Court also noted that "reading the newspaper or other media reports regarding the case is

not compensable." *Id.* On the contrary, there is no evidence here that the nature of intra-firm communications was excessive or unnecessary.

Myers argues that in light of her expert's testimony that intra-firm communications were reasonable, the Court should refrain from excluding the $1,080 billed as duplicative. (Pl.'s Objs. to R&R at 8-9.) Other circuits have found multiple attorneys billing for intra-firm conferences reasonable. *See Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848, 860 (1st Cir. 1998) ("Time spent by two attorneys on the same general task is not, however, *per se* duplicative. Careful preparation often requires collaboration and rehearsal."); *Berberena v. Coler*, 753 F.2d 629, 631 (7th Cir. 1985) (upholding the district court's finding that "no duplication of effort or improper utilization of time" where four attorneys discussed the same case (quotation omitted)); *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1337 (D.C. Cir. 1982) ("[A]ttorneys must spend at least some of their time conferring with colleagues, particularly their subordinates, to ensure that a case is managed in an effective as well as efficient manner.")

Myers's attorney's fees for periodic legal team meetings, conferences, and strategy sessions were legitimate and reasonable aspects of litigation preparation and were not unreasonable or duplicative. The Court notes the challenging nature of DPPA cases and the corresponding need for intra-firm conferences to strategize and properly perform legal services. See *Menghi*, 745 F. Supp. 2d at 112 (noting the "novelty and difficulty of the questions presented by the DPPA claim"). Thus, the Court will sustain Myers's

objection that the $1,080 for hours billed for intra-firm conferences should not have been excluded from the lodestar calculation and will reject in part the R&R on that ground.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS in part and OVERRULES in part** Myers's objections [Docket No. 188] and **ADOPTS in part** and **REJECTS in part** the Magistrate Judge's Report and Recommendation [Docket No. 187].  The Court **REJECTS** the Magistrate Judge's Report and Recommendation to the extent it disallowed $1,080 in attorney's fees for intra-firm conferences.  In all other respects, the Court adopts the Magistrate Judge's Report and Recommendation.

Accordingly, **IT IS HEREBY ORDERED** that Myers's Motion for an Award of Costs and Attorneys' Fees [Docket No. 143] is **GRANTED in part** and **DENIED in part**.  Myers is awarded attorney's fees in the amount of $16,992.44, and costs in the amount of $1,097.25, for a total of $18,089.69.

DATED:  March 27, 2017  
at Minneapolis, Minnesota.

                                                                       s/ John R. Tunheim  
                                                                       JOHN R. TUNHEIM  
                                                                             Chief Judge  
                                                               United States District Court